IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK FELTON SHORTS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-265 |
| | § | |
| MR. PRICE, *et al.*, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff, who resides in Dallas, Texas, filed this case using a habeas petition form and three civil rights complaint forms. Plaintiff's handwriting is barely legible and the content in each document is confusing and incoherent. For the reasons to follow, the Court will dismiss the complaint without prejudice to plaintiff properly raising his claims in the appropriate forum.

In the habeas petition, plaintiff indicates that he is challenging a 2000 disciplinary proceeding from a federal penitentiary in New Orleans, Louisiana. He states no facts regarding the disciplinary proceeding; instead, he complains that he fell out of the top bunk bed and hit his head on the floor. He states that he did not get medication or treatment for the injuries that he suffered to his neck, back, and legs. In ground four of the petition, plaintiff speculates that he might not get an operation for kidney stone disease but he might get medication once he gets money from his lawsuits. He states that he is waiting on FEMA to send him money to cover damages to his mother's house from Hurricane Katrina. (Docket Entry No.1).

In one complaint, plaintiff states that he suffers from kidney stone disease. He requests the Court to manage the situation for him. He claims that he will make nice deals about his criminal cases and lawsuit claims. (*Id.*).

In another complaint, plaintiff indicates that he would like matters to happen for him so he can get ahead in his life and to get the things that he needs and wants. Attached to the complaint is a letter addressed to FEMA, in which plaintiff requests more money. Also attached to the complaint is an application for food stamps. (*Id.*).

On a separate document, dated December 12, 2005, plaintiff addresses Defender, Mr. Price. He states that in 2002, while in federal prison in New Orleans, he was in a gang fight with Mr. Price. (*Id.*).

In his third complaint, plaintiff requests the Court to advise the G.B. Restaurant lady not to worry about plaintiff filing a lawsuit. (*Id.*).

None of plaintiff's complaints concern events or defendants for which venue lies in the Southern District of Texas. When venue is appropriate in another district, the district court should transfer the case there if it is in the interest of justice. 28 U.S.C. §§ 1406(a), 1631. The Court, however, will not transfer this case. Other than New Orleans, the location where plaintiff's claims arose is unclear. Most, if not all of plaintiff's claims appear to be barred by the statute of limitations. Many are nothing more than a request for financial assistance. Based on the state of plaintiff's pleadings, the Court will not transfer this complaint.

Accordingly, the Court ORDERS that this action be DISMISSED without prejudice to plaintiff properly raising his claims in the appropriate forum.

Plaintiff's application to proceed *in forma pauperis* (Docket Entry No.2) is DENIED. All other pending motions and requests for relief are DENIED.

The Clerk will provide a copy of this Order to plaintiff.

SIGNED at Houston, Texas, on March 9, 2006.

                                                      MELINDA HARMON
                                                      UNITED STATES DISTRICT JUDGE